IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAFAEL A. AMEZCUA OLVERA, | § | NO. 5:20-CV-124-DAE |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | |
| FIELD OFFICE DIRECTOR DANIEL | § | |
| BIBLE, Immigration and Customs | § | |
| (ICE) Enforcement and Removal | § | |
| Operations; WARDEN RAYMUNDO | § | |
| CASTO, South Texas Detention | § | |
| Complex, in His Official Capacity; and | § | |
| ATTORNEY GENERAL BARR in His | § | |
| Official Capacity, UNITED STATES | § | |
| ATTORNEY GENERAL, | § | |
| | § | |
| Respondents. | § | |
| _____ | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND
(2) GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT
<u>PREJUDICE IN PART MOTION TO DISMISS</u>

Before the Court is a Report and Recommendation ("Recommendation") filed by Magistrate Judge Henry J. Bemporad on June 24, 2020. (Dkt. # 24.) Pretrial matters were referred to the Magistrate Judge on February 3, 2020. (Dkt. # 1.) Notice of the Recommendation was sent to the parties on June 24, 2020. (<u>See</u> Dkt. # 24.) Objections to the Recommendations were due within fourteen days after being served with a copy. On July 8, 2020, Respondents timely filed objections to the Recommendation. (Dkt. # 25.)

After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's Recommendation (Dkt. # 24) and **GRANTS IN PART, DENIES IN PART, AND DENIES WITHOUT PREJUDICE IN PART** Respondents' Motion to Dismiss (Dkt. # 10).

The Court must conduct a de novo review of any specific objections to the Magistrate Judge's Recommendation filed within fourteen days of being served a copy of such recommendations. See 28 U.S.C. § 636(b)(1)(C). Importantly, the objections must identify specific findings in the report, so that "frivolous, conclusive or general objections need not be considered by the district court." Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting the Fifth Circuit's decision in Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Where no specific objections are made to a finding, the Court is not required to conduct a de novo review, rather the standard is whether the Report and Recommendation is clearly erroneous. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

The Court agrees with the Magistrate Judge's conclusion that for the purposes of the motion to dismiss it is enough that Petitioner raises factual issues legitimately capable of dispute and, as such, Petitioner can plausibly allege that the

immigration court's alleged misallocation of the burden of proof resulted in actual prejudice.  (Dkt. # 24 at 5.)  The Magistrate Judge correctly found that even if it is "doubtful in fact" that Petitioner's counter-arguments would induce the immigration court to change its ruling under the correct standard of proof, that does not mean that dismissal under Rule 12(b)(6) is appropriate.  (Id. at 6 (citing Twombly, 550 U.S. at 555).)  The only question is whether the alleged misallocation of the burden of proof "could have affected the outcome of the [bond] hearing," which the Magistrate Judge correctly found it could.  (Id. (citing Mayic v. Hodgson, No. CV 19-12534-PBS, 2020 WL 360502, at *1 (D. Mass. Jan. 22, 2020) (emphasis in original)).)  Finally, the Court agrees with the Magistrate Judge's determination that Petitioner be required to amend his petition to set out his allegations of actual prejudice and Respondents be allowed to submit additional briefing on the merits of constitutional burden-misallocation.  (Id. at 6–7.)

Respondents object that the Recommendation errs because it denies the motion to dismiss based on factual disputes that the immigration court has already determined.  (Dkt. # 25 at 4.)  Respondents goes on to cite Mayic and argue why the facts that led the court to deny the government's motion to dismiss there pale in comparison to the facts here, where Respondents say the evidence of flight risk is overwhelming.  (Id. at 6.)  Respondents urge that the overwhelming

evidence here means Petitioner cannot plausibly allege that the allocation of the burden of proof made a difference in his case. (Id.)

The Court has reviewed each of Respondents specific objections to the Recommendation findings de novo and found no error in the Magistrate Judge's conclusions. The Court agrees with the Recommendation that dismissal under 12(b)(6) is not appropriate as Petitioner has raised sufficient legitimate factual issues to show that alleged misallocation of the burden of proof could have affected the outcome of the bond hearing.

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 24), and **GRANTS IN PART, DENIES IN PART, AND DENIES WITHOUT PREJUDCE IN PART** Respondents' Motion to Dismiss (Dkt. # 10).

Respondents' Motion to Dismiss is **GRANTED** with respect to the request that Petitioner be required to amend his Petition to expressly state his claim for actual prejudice resulting from the alleged misallocation of the burden of proof but dismissal on this ground in **DENIED**. Respondents' Motion to Dismiss is **DENIED WITHOUT PREJUDICE** to Respondents seeking dismissal of Petitioner's claims on other grounds.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 29, 2020.

```
_____
David Alan Ezra
Senior United States District Judge
```